Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA)<br><br>Recurrida<br><br>vs.<br><br>Hogar Shaddai p/c Wilma Collazo Rodríguez<br><br>Recurrente | KLRA202400524 | **REVISIÓN ADMINISTRATIVA** procedente de la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA)<br><br>Casi Núm.: JR-23-117<br><br>Sobre: Denegación de Licencia y Cierre Enmendada |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de octubre de 2024.

Comparece ante nos, el Hogar Shaddai Corp. (Hogar Shaddai o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Orden de Denegación de Licencia y Cierre Enmendada" emitida el 18 de julio de 2024,[1] por la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA o recurrida). Mediante dicha determinación, la ASSMCA denegó la licencia solicitada por el Hogar Shaddai y ordenó el cierre total de la institución.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen emitido por la ASSMCA mediante los fundamentos que expondremos a continuación.

---

[1] Notificada el 19 de julio de 2024.

Número Identificador

SEN2024 _____

**I.**

El Hogar Shaddai es una institución que opera como hogar geriátrico desde el 2014. La institución ha renovado exitosamente su licencia bianualmente, siendo la más reciente solicitud la causa de la presente controversia. Luego de varios eventos procesales en el trámite de la renovación de licencia, el 18 de abril de 2024, la ASSMCA diligenció, por correo electrónico, una "Orden de Mostrar Causa" sobre denegación de licencia contra el Hogar Shaddai. En dicho escrito, se le concedió al recurrente un término de 10 días laborales para comparecer por escrito y exponer las razones por las cuales la ASSMCA no debía denegarle la licencia solicitada. Esta "Orden de Mostrar Causa" fue remitida a la dirección de correo electrónico mairycollazo@hotmail.com.

El Hogar Shaddai no compareció, según requerido. Debido a lo anterior, el 7 de junio de 2024, la ASSMCA emitió una "Orden de Denegación de Licencia y Cierre" que se diligenció personalmente a una empleada del Hogar Shaddai el 13 de junio de 2024. La aludida orden informó que, debido a la incomparecencia del recurrente dentro del término de 10 días, procedía denegar su solicitud de renovación de licencia. La ASSMCA fundamentó su determinación en el Art. 1 del Reglamento Núm. 9453, *infra*, en específico, por **un patrón de incumplimiento**. En atención a lo cual, la agencia recurrida ordenó el cierre del Hogar Shaddai.

Inconforme, el 12 de julio de 2024, el recurrente presentó un "Escrito en torno a la Orden de Denegación de Licencia y Cierre" y, en lo concerniente, argumentó que no incurrió en un patrón de incumplimiento, según definido en el Art. 1 del Reglamento Núm. 9453, *infra*. Además, arguyó que la "Orden de Denegación de Licencia y Cierre" no incorporó las advertencias requeridas por la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, respecto al derecho de apelar una determinación adversa.

En respuesta, el 18 de julio de 2024,[2] la ASSMCA emitió la "Orden de Denegación de Licencia y Cierre Enmendada" a los únicos efectos de incluir las advertencias requeridas por la Sección 3.15 de la LPAU, *supra*.

En desacuerdo, el 8 de agosto de 2024, el recurrente presentó una "Moción de Reconsideración". Empero, la ASSMCA no emitió determinación en su consideración. Aún insatisfecho, el Hogar Shaddai recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores:

> *Primer Error: La ASSMCA violó el debido proceso del Hogar Shaddai al emitir la drástica determinación de denegarle la renovación de su licencia y ordenar su cierre expresando como único fundamento que éste incumplió con una Orden de Mostrar Causa que no le fue notificada.*
>
> *Segundo Error: Erró la ASSMCA al denegar la renovación de la licencia y ordenar el cierre del Hogar Shaddai sin seguir el procedimiento establecido en el Reglamento Núm. 9453, conocido como "Reglamento de la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA) para el Licenciamiento de las Instituciones Proveedoras Públicas y Privadas Dedicadas a la Prestación de Servicios de Salud Mental y Contra la Adicción y los Programas de Ayuda al Empleado (PAE".*
>
> *Tercer Error: Erró la ASSMCA al emitir una determinación final que no contiene determinaciones de hechos.*
>
> *Cuarto Error: Erró la ASSMCA al violar los derechos que la Ley Núm. 454-2000, según enmendada, conocida como "Ley de Flexibilidad Administrativa y Reglamentaria para el Pequeño Negocio" le concede a Hogar Shaddai.*

Mediante "Resolución" emitida el 26 de noviembre de 2024, concedimos a la ASSMCA un término a vencer el 7 de octubre de 2024 para someter su alegato en oposición. A su vez, le advertimos que, de no comparecer en dicho término, procederíamos a dar por perfeccionado el recurso y a resolverlo sin el beneficio de su comparecencia. Ante el hecho de que la agencia recurrida no compareció, procedemos a resolver.

---

[2] Notificada el 19 de julio de 2024.

## II.

### A.

El Reglamento de la Administración de Servicios de Salud Mental y Contra la Adicción para el Licenciamiento de las Instituciones Proveedoras Públicas y Privadas Dedicadas a la Prestación de Servicios de Salud Mental y Contra la Adicción y los Programas de Ayuda al Empleado, Reglamento Núm. 9453 del 26 de abril de 2023, se promulgó en virtud de la Ley de la Administración de Servicios de Salud Mental y Contra la Adicción, 24 LPRA sec. 2101 *et seq.* El propósito del precitado cuerpo reglamentario es "establecer las normas que regirán los procesos de licenciamiento de toda institución proveedora pública o privada, con o sin fines de lucro, operada por una persona natural o jurídica, que provea servicios de salud mental y contra la adicción, incluyendo los Programas de Ayuda al Empleado". Véase, Art. 3 del Reglamento Núm. 9453, *supra.*

En lo que nos atañe, el Art. 1 del Reglamento Núm. 9453, *supra*, establece las causales para denegar, suspender o revocar licencias expedidas al amparo del reglamento. Al respecto, dispone lo siguiente:

> *La ASSMCA podrá denegar, suspender o revocar una licencia regular o provisional para operar instituciones proveedoras públicas o privadas, con o sin fines de lucro, dedicadas a la prevención, tratamiento, recuperación o rehabilitación de personas con problemas de salud mental, trastornos de adicción y los PAE, por cualquiera de las siguientes razones:*
>
> *A. **Un incumplimiento sustancial o un patrón de incumplimiento según definido en este Reglamento**.*
>
> *B. Cuando la institución proveedora haya sometido información falsa en la solicitud inicial o de renovación de licencia o en cualquier otro documento requerido.*
>
> *C. Cuando la institución proveedora impida al personal de la Oficina de Organismos Reguladores a realizar una Inspección de Calidad y Cumplimiento o la investigación de una querella.*

*D. Cuando a la institución proveedora se le haya ordenado el cierre de sus operaciones por un Tribunal de Justicia de Puerto Rico.*

*E. Cuando el/la Administrador(a) haya suspendido la licencia a la institución proveedora en dos (2) ocasiones o más, en un periodo de cuatro (4) años.*

*F. Cualquier otro motivo no enumerado en este Artículo y que conforme al criterio de e/la Administrador (a) represente un riesgo inminente a la operación de la institución proveedora y a los mejores intereses del participante, paciente o el Estado.*

(Énfasis nuestro).

A su vez, el Reglamento Núm. 9453, *supra*, define lo que constituye un patrón de incumplimiento. En particular, el inciso 48 del Capítulo II establece que:

*Será considerado un patrón de incumplimiento cuando la institución proveedora se multe en tres (3) ocasiones o más, por un mismo inciso de los contemplados en el presente Reglamento durante un periodo de un (1) año. De igual forma, **constituirá un patrón cuando la institución proveedora no cumpla en contestar en dos (2) ocasiones o más, dentro del término de vigencia de la licencia expedida por la ASSMCA, cualquier informe escrito**. Esto incluirá los informes de corrección de las deficiencias encontradas y señaladas durante cualquier proceso de Inspección de Calidad y Cumplimiento o investigación de querellas. Así como también, se incurre en un patrón cuando sea necesaria la intervención de funcionarios de la ASSMCA por cualquiera otra disposición que ponga en riesgo la salud, seguridad y bienestar de los participantes o pacientes de la institución proveedora.*

(Énfasis suplido).

### III.

Según ya mencionamos, la ASSMCA denegó la licencia solicitada por el Hogar Shaddai y ordenó el cierre total de la institución. Lo anterior, debido a que "[l]a institución querellada ha demostrado un incumplimiento reiterado al no responder en dos (2) ocasiones o más a los informes y órdenes emitidos por la ASSMCA". Para sustentar esta premisa, la agencia recurrida alude al incumplimiento por parte del recurrente en contestar la "Orden de Mostrar Causa" cursada el 18 de abril de 2024. **Sin embargo, de la determinación recurrida no surge algún otro**

**incumplimiento por parte del Hogar Shaddai en contestar algún informe u orden emitido por la ASSMCA**.

En su escrito, el recurrente argumenta que no ha incurrido en un patrón de incumplimiento, por lo que la agencia recurrida dista de las disposiciones reglamentarias aprobadas. Tiene razón.

Conforme el derecho discutido en el acápite anterior, **un patrón de incumplimiento se configura cuando la institución incumple en contestar en 2 o más ocasiones cualquier informe escrito**, dentro del término de vigencia de la licencia expedida por la ASSMCA.

En este caso, el Hogar Shaddai no compareció por escrito ante la ASSMCA a exponer las razones por las cuales dicha agencia no debía denegarle la licencia solicitada, según le fue requerido en la "Orden de Mostrar Causa" enviada el 18 de abril de 2024. **No obstante**, **este incumplimiento**, **por sí solo**, **no constituye un patrón de incumplimiento**, **según definido en el Reglamento Núm. 9453**, *supra*. **Para que la suspensión o revocación de licencia fuese procedente**, **la agencia recurrida debía demostrar que el Hogar Shaddai no contestó**, **según requerido**, **en dos o más ocasiones cualquier informe escrito que le fuera enviado por la ASSMCA**.

No habiéndose demostrado algún otro incumplimiento aparte del de la "Orden de Mostrar Causa" cursada el 18 de abril de 2024, concluimos que, **de acuerdo con el lenguaje explícito del Reglamento Núm. 9453**, *supra*, **el Hogar Shaddai no incurrió en un patrón de incumplimiento que amerite la suspensión o revocación de su licencia para operar como institución**.

El segundo señalamiento de error fue cometido y, por tanto, procede la revocación de la determinación recurrida. Debido al

resultado que hemos llegado, resulta innecesaria la discusión de los demás señalamientos de error.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se revoca el dictamen emitido por la Administración de Servicios de Salud Mental y Contra la Adicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones